FULMER, CAROLYN K, Senior Judge.
 

 Appellants, Bruce Tansey Custom Carpentry, Inc. (Custom Carpentry) and Edmond B. Tansey (Tansey), challenge a final judgment entered after a nonjury trial in this appeal arising from a contract to repair and remodel the home of appellees, Gary and Jennifer Goodman. We find merit in two of the issues raised by Tansey and, therefore, reverse the final judgment in part.
 

 The Goodmans contracted with Tansey in September 2004 to correct water damage resulting from a leak in the kitchen area of the Goodmans’ home. The parties entered into two additional contracts in November 2004 which expanded the pro
 
 *71
 
 ject to additional remodeling unrelated to the water damage.
 

 On April 26, 2005, Custom Carpentry filed a elaim of lien in the public records of Collier County. The lien names Custom Carpentry as the lienor. The signature block in the lien states “Bruce Tansey Custom Carpentry, Inc. By: Bruce Tan-sey, President.” The lien states that the amount which remains unpaid is $19,351.10. An amended claim of lien was recorded February 9, 2006, which added a statutory warning at the top. The amended lien also sets forth that the lienor was Custom Carpentry. It was executed by Tansey as president of Custom Carpentry, and it restated that the amount remaining unpaid was $19,351.10.
 

 The Goodmans filed suit in the circuit court in Collier County against Custom Carpentry and Tansey, individually. Count I was directed against Custom Carpentry and sought an order of the trial court vacating and canceling the lien. Count II was directed against Custom Carpentry and sought punitive damages pursuant to section 713.31, Florida Statutes (2005), for the filing of a fraudulent lien. Count III was a count for breach of contract by the Goodmans against Tansey, individually.
 

 On March 3, 2006, Custom Carpentry and Tansey filed their answer, affirmative defenses, and counterclaim against the Goodmans. Count I of the counterclaim was an action to enforce a lien on real property by Custom Carpentry. Count II of the counterclaim was brought by Custom Carpentry against the Goodmans for breach of contract. Count III of the counterclaim was an action by Custom Carpentry against the Goodmans for unjust enrichment. Count IV of the counterclaim was an action by Custom Carpentry against the Goodmans on a quantum meru-it theory. Tansey, individually, did not seek relief in the counterclaim.
 

 In December 2006, the Goodmans filed an amended complaint, which added allegations in Count II to establish that the amended claim of lien filed by Custom Carpentry was also fraudulent. Count II of the amended complaint does not seek relief against Tansey, individually.
 

 In its final judgment, the trial court found that the contracting parties were Gary W. Goodman, Jennifer Goodman, Edmond B. Tansey, individually, and Bruce Tansey Construction, which was the fictitious name of Edmond B. Tansey at the time the contracts were executed. The court found that Custom Carpentry did not enter into any contract with the Good-mans and did not provide any labor, services, or materials to the project. The court made extensive findings addressing the scope of the contracts, the extent that each side performed under the contracts, and the damages incurred by each side. The court concluded that the Goodmans paid for work not performed and that Tan-sey provided specific labor, services, and materials in an unworkmanlike manner. However, the court found that the Good-mans were entitled to less compensation than they were seeking. The court also found that there were additional services performed for which Tansey was entitled to compensation, but it was less than the amount he was seeking.
 

 As to the claim of lien recorded in April 2005, and the amended claim of lien recorded in February 2006 by Custom Carpentry, the trial court found that both liens were fraudulent as defined by section 713.31, Florida Statutes. Consequently, the court ordered that for the original claim of lien the Goodmans “shall recover from Defendants, Bruce Tansey Custom Carpentry, Inc. and Edmond B. Tansey ... statutory damages in the amount of $17,446.93” plus attorney’s fees, paralegal fees, and costs. Likewise, the court found that as a consequence of the amended
 
 *72
 
 claim of lien, the Goodmans shall recover from Bruce Tansey Custom Carpentry, Inc. and Edmond B. Tansey statutory damages in the amount of $17,446.93 plus fees and costs.
 

 On appeal, Tansey first argues that the trial court erred in finding that he was individually liable to the Goodmans for filing a fraudulent lien and amended fraudulent lien. We agree that it was error for the trial court to find Tansey individually liable for the filing of a fraudulent lien. The complaint and amended complaint did not allege individual liability. Even if the complaint had alleged that Tansey was individually liable, the evidence did not support individual liability where Custom Carpentry was the lienor and Tansey signed the liens as president of Custom Carpentry. Neither the original lien nor the amended lien stated or implied that Tansey, individually, was the lienor. On remand, the trial court must revise the final judgment to reflect that Tansey is not individually liable for the fraudulent lien.
 

 Next, Custom Carpentry and Tan-sey argue that the trial court erred in awarding punitive damages to the Good-mans of $17,446.93 for the first claim of lien and a separate punitive damage award of $17,446.93 for the amended claim of lien. We agree with Custom Carpentry and Tansey that the separate punitive damage award for the amended claim of lien is duplicative. The evidence supports only one punitive damage award. On remand the trial court must reduce the punitive damages awarded accordingly.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 NORTHCUTT and KHOUZAM, JJ., Concur.